UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrence Wright El, #505358,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>Butch Jackson, Administrator,<br><br>　　　　　　　　　Respondent.<br>_____ | ) C/A No. 3:11-3100-MBS-JRM<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

　　　　A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a North Carolina state prison inmate.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

　　　　Petitioner is an inmate in the North Carolina Department of Correction, housed at Nash Correctional Institution. He asserts claims slavery and historical issues involving the establishment of the United States government. Petitioner claims that he, a member of "the Moorish American Vanguards" . . . cannot be required to be arrested or compelled to appear or testify against itself

---

[1] The document submitted is captioned "42 U.S.C § 1983 AVERNMENT OF JURISDICTION AND FEDERAL-QUESTION JURISDICTION . . .(Pursuant to 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1251 Et Seq., 18, Section 241-242-. Also: 5th, 8th, 13th, 14th, 15th Amendments to the U.S. Constitution). (Also: 18, U.S.C. § 1203)"; however, the clearest form relief requested is Petitioner's "freedom and immediate release from the Department of Corrections in the State of South Carolina. (ECF No. 1). Accordingly, since release from prison/jail is not a remedy available under § 1983, but it is relief available under a habeas corpus petition, *see Wilkinson v. Dotson*, 544 U.S. 74, 82, 86 (2005); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)), and because there are no allegations showing that a South Carolina criminal conviction is involved since Petitioner is in prisoner in North Carolina, under the required rule of liberal construction of *pro se* pleadings, the document is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

[himself] in a court of law . . . ." (ECF No. 1, Pet. 6).   Essentially, he claims that because his ancestors were slaves when the federal government was instituted, he is not a citizen of the United States of America and he "now demands his freedom and immediate release from the Department of Corrections in the State of South Carolina." *Id*.  However, as his return address indicates, this request is problematic because Petitioner is in the custody of North Carolina state officials, not South Carolina officials.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007).  When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't*

*of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## **Analysis**

This Court cannot consider the merits of the § 2241 Petition submitted in this case because it was filed in the wrong court. It is well settled that, a habeas corpus petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. *See Rumsfield v. Padilla*, 542 U.S. 426, 446-47 (2004); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-500 (1973); *Kanai v. McHugh,* 638 F.3d 251, 255-56 (4th Cir. 2011). This Court, a federal court within the State of South Carolina, cannot obtain *in personam* jurisdiction over Petitioner's custodian: the Director of Nash Correctional Institution, who is in North Carolina. *See Norris v. Georgia*, 522 F.2d 1006, 1010-14 (4th Cir. 1975).

The result would be the same (summary dismissal) if this Court were to construe the Petition as one submitted under 28 U.S.C. § 2254 because there are no allegations showing that any currently viable South Carolina *state* criminal judgment is involved in Petitioner's present confinement in North Carolina, much less are there allegations that all state court remedies have been exhausted with regard to any South Carolina *state* conviction that Petitioner might have. It is not known if

3

Petitioner left South Carolina with pending criminal judgments against him and then went into North Carolina and committed other crimes, whether he escaped from South Carolina custody, or whether, in fact, he completed any South Carolina sentences he might have needed to serve. If he "escaped" South Carolina custody and ended up in North Carolina on new charges, he cannot pursue a § 2254 petition in this Court regarding any still-viable South Carolina state conviction. Many state and federal courts apply the doctrine of "fugitive disentitlement" until the escapee is brought back to the jurisdiction from which he or she escaped. For example, several prisoners who have escaped from prisons or jails in South Carolina in the past asked this court to make collateral reviews of their convictions under 28 U.S.C. § 2254 even though they, by escaping and committing crimes in other jurisdictions (state and federal), made it impossible for the courts of South Carolina to review their alleged claims for federal relief, and thereby satisfy the exhaustion requirement now embedded in the federal habeas corpus statute, 28 U.S.C. § 2254(b). *See*, *e.g.*, *Lanier v. United States*, 123 F.3d 945, 946 (6th Cir. 1997)("Pursuant to this doctrine of fugitive disentitlement, we have dismissed the direct appeals of defendants who have fled the jurisdiction during an appeal and remained at large."); *Fowler v. Leeke*, 509 F. Supp. 544, 545-46 (D.S.C. 1979).

The United States Court of Appeals for the Fourth Circuit also addressed similar issues in *Whittlesey v. Circuit Court for Baltimore Cnty.*, 897 F.2d 143(4th Cir. 1990). In *Whittlesey*, addressing a Florida prisoner's claim that his Florida sentence would long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, the Fourth Circuit pointed out that the doors of the courts of Maryland were open for the petitioner. His inability to enter through those doors until completion of his Florida sentence was

4

the price he must pay for having escaped from a Maryland prison and subsequently committing crimes in Florida:

> Here, Whittlesey cannot expect federal courts to rescue him from the consequences of his escape and subsequent commission of crimes. Whittlesey maintains that there are no state remedies available to him; however, this simply is not the case. The doors of the Maryland state courts stand open for him to present his complaints; that he is unable to enter through those doors until completion of his Florida sentence is the price he must pay for having escaped from the Maryland prison and committed offenses in Florida. It is his own criminal misconduct which has denied Maryland courts the opportunity to hold a hearing, develop a record, and thereby address his claims on the merits. We will not command the district court to review his habeas petition when his own unlawful acts have prevented the state courts from reviewing his claims.

897 F.2d at 145 (footnote omitted).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.  **Petitioner's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

December 13, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).