IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Terrence Wright El, #505358, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No. 3:11-3100-MBS |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

      Petitioner Terrence Wright El ("Petitioner") is a prisoner in custody of the North Carolina Department of Corrections ("NCDC"). Petitioner filed a pro se action pursuant to 42 U.S.C. § 1983 against the State of South Carolina and Julie Armstrong, a clerk in Charleston County, South Carolina, alleging that a detainer placed on him by the State of South Carolina was unconstitutional. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the action was referred to United States Magistrate Judge Joseph R. McCrorey for review.

**Background**

      In April 1995, Petitioner was convicted of murder and other crimes in Graham County, North Carolina. Petitioner was sentenced to life imprisonment pursuant to a North Carolina state court judgment. Subsequently, Petitioner was sent to Charleston County, South Carolina in December 1998 to be tried on criminal charges under South Carolina state law. In March 1999, Petitioner was convicted of murder, burglary, criminal sexual conduct, and grand larceny in Charleston County, South Carolina. Petitioner was sentenced to life imprisonment to run consecutive to his North Carolina sentence. In June 1999, Petitioner was sent back to North Carolina and a detainer was placed on him by the State of South Carolina. Petitioner is currently

in custody of the NCDC serving his North Carolina sentence.

In the instant action, Petitioner alleges that the State of South Carolina has no jurisdiction to impose a detainer on him, because of his birthright as a "Moorish American." Petitioner asserts that he is not a citizen of the United States and that he was "denationalized" by the United States due to the practice of slavery in the United States. Petitioner filed a motion to proceed *in forma pauperis* which was granted by the Magistrate Judge in an order dated December 13, 2011. In that order, the Magistrate Judge construed Petitioner's action as seeking immediate release from NCDC custody. Accordingly, the Magistrate Judge classified Petitioner's action as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, based on the fact that Petitioner did not appear to be in South Carolina state custody or appear to be challenging a South Carolina state conviction. Further, the Magistrate Judge ordered the Clerk of Court to terminate the State of South Carolina and Julie Armstrong as Respondents and add Butch Jackson, Director of Nash Correctional Institution in North Carolina, as the proper Respondent. The Magistrate Judge reasoned that since Petitioner was in custody at Nash Correctional Institution, Butch Jackson was the proper Respondent. For reasons set forth in the discussion below, the Clerk of Court is ordered to terminate Butch Jackson as Respondent and reinstate the State of South Carolina as Respondent.

On December 13, 2011, the Magistrate Judge also filed a Report and Recommendation in which he reviewed Petitioner's actions pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915(A). The Magistrate Judge noted that it is well settled law that a habeas corpus petition must be filed in the federal judicial district which can acquire *in personam* jurisdiction over Petitioner's custodian. Since the federal court in South Carolina cannot obtain jurisdiction over Petitioner's custodian, Butch Jackson, who is located in North Carolina, the Magistrate

Judge recommended summarily dismissing the § 2241 petition without prejudice.

On December 19, 2011, Petitioner filed objections to the Report and Recommendation in which he clarified that he was only seeking dismissal of a detainer placed on him by the State of South Carolina as a result of his South Carolina conviction. Petitioner asserted that the Respondent was therefore correctly stated as the State of South Carolina and as such, this court has *in personam* jurisdiction over the Respondent named in the petition. Petitioner reiterated that the State of South Carolina had no jurisdiction to place a detainer on him under the "Sundry Moors of South Carolina" agreement.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Petitioner is not seeking immediate release from custody of NCDC. Instead, he is seeking removal of a detainer placed on him by the State of South Carolina. Petitioner is correct that the proper Respondent in this case is the State of South Carolina. This court has *in personam* jurisdiction over the State of South Carolina. Accordingly, the Clerk of Court is ordered to terminate Butch Jackson as Respondent and reinstate the State of South Carolina as Respondent. Petitioner is sufficiently in custody through the South Carolina detainer to fulfill the "in custody" requirement of the habeas corpus statutes. See Kane v. State of Virginia, 419

F.2d 1369, 1372 (4th Cir. 1970) (noting that where a prisoner is serving a criminal sentence in one state but is subject to a detainer by another state based on a consecutive sentence, the prisoner is sufficiently "in custody" in both states for the purpose of habeas corpus actions). Lastly, Petitioner's claim is properly classified as an action pursuant to 28 U.S.C. § 2254, not 42 U.S.C. § 1983 or 28 U.S.C. § 2241, because Petitioner is challenging a detainer placed on him by the State of South Carolina for his underlying South Carolina convictions. The proper avenue for such a challenge is a petition for habeas corpus pursuant to § 2254.

The court is charged with screening Petitioner's action to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. See also Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) (analogizing Rule 4 to 28 U.S.C. § 1915(e)(2)(b), which provides for summary dismissal of *in forma pauperis* prisoner suits if the action is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief).

The court finds that pursuant to Rule 4 of Rules governing Section 2254 Cases in the United States District Courts, Petitioner is not entitled to habeas corpus relief on the basis he has asserted. The suggestion that Petitioner is entitled to avoid the imposition of a detainer for crimes he was convicted of in the State of South Carolina because of his membership as a "Moorish-American" is meritless.[1] See United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders"); see also Allah El v. Dist. Att'y for Bronx County, No. 09-8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state

---

[1] Petitioner appears to be incorrectly referencing a South Carolina state law passed in 1790 pursuant to which Moors were granted *the right to be tried for crimes under the same laws as United States citizens* and not under the laws governing slaves.

4

and federal laws without consequence"); see also Hill v. South Carolina, No. 8:11-776-TMC, 2012 WL 80944, at *3 (D.S.C. 2012) (finding that Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides a basis for the district court to subject Petitioner's habeas action to summary dismissal, where Petitioner alleges that he should be released from custody due to his Moorish-American birthright).

## Conclusion

The court declines to adopt the Report and Recommendation of the Magistrate Judge. The Clerk of Court is ordered to terminate Butch Jackson as Respondent and add the State of South Carolina as Respondent. Petitioner's action is hereby DISMISSED with prejudice and without requiring the Respondent to file an answer.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court DENIES a certificate of appealability.


**IT IS SO ORDERED.**

                                        <u>s/ Margaret B. Seymour</u>
                                        Margaret B. Seymour
                                        Chief United States District Judge

May 7, 2012
Columbia, South Carolina